

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARICE HARRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV 08-B-1317-S** |
| | ) | |
| **BOWEN AND KOWALSKI, L.L.P,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

The case is presently pending before the court on the parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice.  (Doc. 4.)  For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

[T]he FLSA's [provisions] are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment.  *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context.  The employees are likely to be

represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have submitted their settlement agreement to the court.  Moreover, they

represent to the court –

Although the claim is disputed, the parties have reached a reasonable compromise over the issues.  . . .  The settlement terms reflect a fair and reasonable resolution of a bona fide dispute.  The settlement provides Plaintiff with a reasonable approximation of her alleged back-pay and liquidated damages.  The settlement further provides for an award of reasonable attorney's fees and costs.

(Doc. 4 ¶ 3.)

The court finds that plaintiff's Complaint represents a bona fide dispute over FLSA

provisions, namely FLSA coverage and the amount of her backpay.  Based on the parties'

representations, the court finds that the parties' settlement is a fair and reasonable resolution

of these bona fide disputes.

An Order granting the parties' Joint Morion to Approve Settlement and to Dismiss Case with Prejudice, (doc. 4), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 30th day of July, 2008.

Sharon Lovelace Blackburn

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE